# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARQUELLA D. GARDNER, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Deputy Commissioner of the Social Security Administration for Operations, <br><br> Defendant. | CASE NO. 2:17-CV-00941-JRC <br><br> ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2). This matter has been fully briefed. *See* Dkt. 12, 15, 16.

After considering and reviewing the record, the Court concludes that the ALJ erred when evaluating the medical evidence: although the ALJ gave "great weight" to the opinion from a particular examining psychologist, the ALJ failed to acknowledge, or

explain why she did not credit fully, the opinion from this doctor that plaintiff potentially suffered from a disabling limitation and that she needed to be properly encouraged and taught before she could develop the ability to maintain employment. Therefore, this matter is reversed and remanded to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, CHARQUELLA D. GARDNER, was born in 1993 and was 19 years old on the alleged date of disability onset of August 1, 2012. *See* AR. 15, 281-89. Plaintiff obtained her diploma after getting her final credit at a community college. AR. 40. Plaintiff has some work history in fast food restaurants, as a cashier and running carnival rides. AR. 421-25. Plaintiff was last employed housekeeping, but was fired for not showing up and getting into an argument with the supervisor. AR. 41-42.

According to the ALJ, plaintiff has at least the severe impairments of "learning disorder NOS, borderline intellectual functioning, affective disorder, and anxiety-related disorder (20 CFR 416.920(c))." AR. 17.

At the time of the hearing, plaintiff was living in an apartment with her disabled mother. AR. 40-41.

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration. *See* AR. 87-98, 100-113. Plaintiff's requested hearing was held before Administrative Law Judge Irene Sloan ("the ALJ") on February 10, 2016. *See*

AR. 35-63. On March 18, 2016, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 12-34.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ erred in failing to properly consider the opinions of the examining providers in the record and in failing to provide adequate explanation for not according those opinions more weight; and (2) Whether the ALJ's adopted residual functional capacity, finding that the plaintiff is capable of work that is simple with no limits on interactions with supervisors and coworkers, is supported by substantial evidence in the record. *See* Dkt. 12, p. 2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Whether the ALJ erred in failing to properly consider the opinions of the examining providers in the record**.

Plantiff contends that the ALJ erred when considering the medical opinions, such as the medical opinion from the examining doctor, Dr. Patricia Fantoni-Salvador, Ph.D. *See* Dkt. 12, pp. 7-9. Defendant contends that there is no error. *See* Dkt. 15, pp. 3-4.

When an opinion from an examining doctor is contradicted by other medical opinions, the examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions").

Here, when discussing the medical opinions, the ALJ gave "great weight to the consultative psychological evaluation by examining physician, Patricia Fantoni-Salvador, Ph.D. (internal citation to AR. 492-96) because her opinion was based on objective quantifiable testing, not just on the claimant's subjective complaints." AR. 25 (other citations omitted). Based on this set of conclusions, the ALJ implied that all of the opinions from this doctor were accepted into the residual functional capacity ("RFC") as determined by the ALJ in the written decision. However, as noted by plaintiff, not all of her opinions are reflected in the ALJ's RFC.

According to Social Security Ruling ("SSR") 96-8p, a residual functional capacity assessment by the ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *See* SSR 96-8p, 1996 SSR LEXIS 5 at *20. Although "Social Security Rulings do not have the force of law, [n]evertheless, they

constitute Social Security Administration interpretations of the statute it administers and of its own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (*citing Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988); *Paulson v. Bowen*, 836 F.2d 1249, 1252 n.2 (9th Cir. 1988)) (internal citation and footnote omitted). As stated by the Ninth Circuit, "we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Id.* (*citing Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356) (footnote omitted). Here, this Ruling that an ALJ must explain why a medical opinion is not adopted into an RFC is not plainly erroneous or inconsistent with the Social Security Act or regulations.

  Dr. Fantoni-Salvador provided a number of opinions, however, the ALJ noted the ones that supported the ALJ's RFC, and not the ones that did not. For example, as noted by plaintiff, when examining, performing comprehensive testing of, and assessing plaintiff, Dr. Fantoni-Salvador opined that plaintiff "presented with deficits in attention and concentration … [and] seemed unfocused throughout the session … [and] her mood was somewhat depressed and her affect blunted." AR. 493-94. Dr. Fantoni-Salvador also noted that plaintiff "behaves immaturely with peers, [and] figures of authority, [and] exhibits anxiety symptoms, helplessness, low motivation and marginal adaptive functioning. **If properly encouraged and taught**, she may develop the ability to become appropriately self-sufficient and successfully obtain and maintain unskilled to skilled employment." AR. 495 (emphasis added).

Here, the ALJ erred by failing to note that Dr. Fantoni-Salvador clearly was of the opinion that plaintiff contemporaneously was not yet "appropriately self-sufficient" as she still needed to develop this ability. *See id*. Defendant contends that plaintiff's argument is only a different way to interpret the record, and that it is not clear that the doctor opined that plaintiff was not capable of full-time employment. *See* Dkt. 15, p. 4.

As noted, the relevant opinion is: "**If properly encouraged and taught**, she may develop the ability to become appropriately self-sufficient and successfully obtain and maintain unskilled to skilled employment." AR. 496 (emphasis added). There is only one logical way to interpret this phrase: if a certain condition were to occur, (obviously, a condition that does not yet exist), then a certain result potentially could occur. *See id*. That condition, that does not yet exist, is the condition of plaintiff having been "properly encouraged and taught." *See id*. As it does not appear that the ALJ or defendant cited any evidence in the record that plaintiff has been "properly encouraged and taught," it is not simply a different interpretation of the record as to whether Dr. Fantoni-Salvador was of the opinion that plaintiff could work at that time.

For the reasons stated, and based on the record as a whole, Court concludes that the ALJ erred when failing to acknowledge the opinion of Dr. Fantoni-Salvador that plaintiff potentially suffered from a disabling limitation. The ALJ also erred when failing to explain why the opinion was not adopted into the RFC, *see* SSR 96-8p, 1996 SSR LEXIS 5 at *20, and by failing to provide a specific and legitimate reason based on substantial evidence in the record as a whole for this failure. *See Lester*, 81 F.3d at 830-31 (citing *Andrews*, 53 F.3d at 1043).

Defendant contends that the error is harmless,

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit has reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). The court further indicated that "the more serious the ALJ's error, the more difficult it should be to show the error was harmless." *Id.* at 792 F.3d 1170 (noting that where the ALJ did not even mention a doctor's opinion that plaintiff was "pretty much nonfunctional," it could not "confidently conclude" that the error was harmless) (citing *Stout,* 454 F.3d at 1056; *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 750 (6th Cir. 2007)). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, as already discussed, it is relatively clear that Dr. Fantoni-Salvador was of the opinion that plaintiff suffered from a disabling limitation, *see supra*, hence crediting in full this opinion would lead to a finding of disability. Therefore, the Court cannot conclude with confidence "'that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56).

However, regarding plaintiff's request for application of the credit-as-true standard, whereby rejected medical opinions are credited as if they were fully adopted, the Court concludes that it is not appropriate here.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

> It is appropriate when:
>
> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (quoting *Smolen, supra*, 80 F.3d at 1292).

Here, outstanding issues must be resolved. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (quoting *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012). Plaintiff has not challenged the ALJ's failure to credit fully plaintiff's allegations and testimony before this Court. *See* Dkt. 12. The ALJ provided a lengthy, thorough, and well supported discussion as to why she did not credit fully plaintiff's allegations and testimony, including a discussion of many inconsistencies. *See* AR. 21-24. Resolving the conflicts in the record, including those regarding plaintiff's allegations, as well as those between the different medical opinions, is best left to the ALJ in this circumstance.

The ALJ is responsible for evaluating a claimant's testimony and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

**(2) Whether the ALJ's adopted RFC finding is supported by substantial evidence in the record.**

The Court already has concluded that the ALJ erred when evaluating the medical evidence, and that the RFC did not include all of the opined limitations, *see supra*, section 1. Therefore, as a necessity, the RFC must be evaluated anew following remand of this matter.

CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 10th day of April, 2018.

J. Richard Creatura
United States Magistrate Judge